IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE KRAUS,<br><br>       Plaintiff,<br><br><br>vs.<br><br><br>PA FIT II, LLC, Individually, d/b/a, t/a<br>and/or a/k/a RETRO FITNESS<br><br>       and<br><br>MEGAN SWEITZER, Individually, d/b/a,<br>t/a and/or a/k/a RETRO FITNESS<br><br>       and<br><br>WILLIAM MAHER, Individually, d/b/a, t/a<br>and/or a/k/a RETRO FITNESS<br><br>       and<br><br>DENISE MAHER, Individually, d/b/a, t/a<br>and/or a/k/a RETRO FITNESS<br><br>       and<br><br>RETRO FITNESS CLUBS, LLC, d/b/a, t/a<br>and/or a/k/a RETRO FITNESS<br><br>       and<br><br>RETRO FITNESS USA, LLC, d/b/a, t/a<br>and/or a/k/a RETRO FITNESS,<br><br>       Defendants. | CIVIL ACTION NO: |

## **NOTICE OF REMOVAL**

      Defendants PA Fit II, LLC, Megan Sweitzer, William Maher, Denise Maher

(collectively, "PA Fit"), files this Notice of Removal pursuant to 28 U.S.C. §1441 based on the

District Court's jurisdiction under 28 U.S.C. § 1331 and states:

1.  PA Fit exercises its rights under 28 U.S.C. §1441 to remove this civil action from the Court of Common Pleas of Delaware County, Pennsylvania, in which this action is now pending under the name of *Michelle Kraus v. PA Fit II LLC, et al.,* Civil Action No. 15-CV-5573, to the United States District Court for the Eastern District of Pennsylvania.  Removal is proper because, as outlined below, this case involves claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *inter alia.*

2.  Pursuant to 28 U.S.C. §1446, PA Fit has attached as Exhibit A to this Notice of Removal the Plaintiff's Complaint filed on June 24, 2015 with the Court of Common Pleas of Delaware County, Pennsylvania.

3.  Plaintiff's Complaint alleges that PA Fit violated Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §§ 2000e and the Fair Labor Standards Act, 29 U.S.C. §§ 201.

4.  Because this action involves the aforementioned federal statutes, this Court has jurisdiction under 28 U.S.C. §1331, and this action may be removed without regard to the citizenship or residency of the parties or the amount in controversy.

5.  The Court of Common Pleas of Delaware County, Pennsylvania is a "state court" pursuant to 28 U.S.C. §1441(a).  Therefore, removal from that court is appropriate.

6.  Based on the foregoing, the Court has federal question jurisdiction over this action and removal is proper.

7.  The named co-defendants, Retro Fitness Clubs, LLC and Retro Fitness USA, LLC, have been notified of PA Fit's intention to remove and they consent to the removal of the State Court Action to this Court.

8.  This Notice of Removal has been filed within thirty days of receipt of the Complaint by PA Fit, which was the first pleading setting forth the basis for the Court's jurisdiction.

9.  Written notice of the filing of this Notice of Removal has been served on Plaintiff's counsel, Michael J. Davey, Esq., and a true and correct copy of this Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Delaware County, Pennsylvania.

WHEREFORE, PA Fit respectfully requests that this action be removed to this Court.

Dated:  July 29, 2015                              STEVENS & LEE

By: _____
LARRY J. RAPPOPORT, Esquire
Attorney ID No. 26922
620 Freedom Business Center, Suite 200
King of Prussia, PA  19406
(610) 205-6039
(610) 371-7977 (facsimile)
ljr@stevenslee.com

Micah L. Craft
Attorney ID No. 314335
620 Freedom Business Center, Suite 200
King of Prussia, PA  19406
(610) 205-6356
(610) 371-7937 (facsimile)
mlc@stevenslee.com

*Attorneys for Defendants PA Fit II, LLC, Megan Sweitzer, William Maher, Denise Maher*

3

# A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

DELAWARE _____ County

| For Prothonotary Use Only: | FILED |
|---|---|
| Docket No: | |
| 15-555 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name: **MICHELLE KRAUS**

Lead Defendant's Name: **PA FIT, II, LLC**

Are money damages requested? ☒ Yes ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

Is this a *Class Action Suit?* ☐ Yes ☒ No

Is this an *MDJ Appeal?* ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: **MICHAEL J. DAVEY, ESQUIRE**

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☒ Employment Dispute: Other Retaliation, Harassment & Unpaid Wages
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

ECKELL, SPARKS, LEVY, AUERBACH, MONTE,
SLOANE, MATTHEWS & AUSLANDER, P.C.
By: Michael J. Davey, Esquire
PA I.D. No.: 200506
344 West Front Street
Media, PA 19063
(610) 565-3700
mdavey@eckellsparks.com                          ATTORNEY FOR PLAINTIFF

---

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA
CIVIL ACTION – LAW

MICHELLE KRAUS                          :
31 Stephen Court                        :
Upper Darby, PA 19082                   :
                      Plaintiff         :
                                        :
                                        :
      vs.                               :
                                        :   No.:
PA FIT II, LLC, Individually, d/b/a, t/a :
and/or a/k/a Retro Fitness             :
200 West Butler Avenue                  :
P.O. Box 60                             :   JURY TRIAL DEMANDED
Ambler, PA 19002                        :
                                        :
                                        :
      and                               :
                                        :
MEGAN SWEITZER, Individually,           :
d/b/a, t/a and/or a/k/a Retro Fitness   :
66 West College Avenue                  :
Yardley, PA 19067                       :
                                        :
                                        :
      and                               :
                                        :
WILLIAM MAHER, Individually,            :
d/b/a, t/a and/or a/k/a Retro Fitness   :
1113 Ashridge Court                     :
Ambler, PA 19002                        :
                                        :
                                        :
      and                               :
                                        :
DENISE MAHER, Individually,             :
d/b/a, t/a and/or a/k/a Retro Fitness   :

1

1113 Ashridge Court                           :
Ambler, PA 19002                              :
                                              :
          and                                 :
                                              :
RETROFITNESS CLUBS, LLC, d/b/a,               :
t/a, and/or a/k/a Retro Fitness               :
43 County Road 537 W                          :
Colts Neck, NJ 00772                          :
                                              :
          and                                 :
                                              :
RETROFITNESS USA, LLC, d/b/a,                 :
t/a, and/or a/k/a Retro Fitness               :
43 County Road 537 W                          :
Colts Neck, NJ 00772                          :
                                              :
                    Defendants                :

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or Property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

*Lawyer Reference Service*
**Delaware County Bar Association**
Front and Lemon Street
Media, PA  19063
610-566-6627

ECKELL, SPARKS, LEVY, AUERBACH, MONTE,
SLOANE, MATTHEWS & AUSLANDER, P.C.
By: Michael J. Davey, Esquire
PA I.D. No.: 200506
344 West Front Street
Media, PA 19063
(610) 565-3700
mdavey@eckellsparks.com                                    ATTORNEY FOR PLAINTIFF

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA
CIVIL ACTION – LAW

MICHELLE KRAUS                          :
31 Stephen Court                        :
Upper Darby, PA 19082                   :
                    Plaintiff           :
                                        :
                                        :
        vs.                             :
                                        :    No.:
PA FIT II, LLC, Individually, d/b/a, t/a :
and/or a/k/a Retro Fitness              :
200 West Butler Avenue                  :
P.O. Box 60                             :    JURY TRIAL DEMANDED
Ambler, PA 19002                        :
                                        :
        and                             :
                                        :
MEGAN SWEITZER, Individually,           :
d/b/a, t/a and/or a/k/a Retro Fitness   :
66 West College Avenue                  :
Yardley, PA 19067                       :
                                        :
        and                             :
                                        :
WILLIAM MAHER, Individually,            :
d/b/a, t/a and/or a/k/a Retro Fitness   :
1113 Ashridge Court                     :
Ambler, PA 19002                        :
                                        :
        and                             :
                                        :
DENISE MAHER, Individually,             :
d/b/a, t/a and/or a/k/a Retro Fitness   :

1

1113 Ashridge Court                         :
Ambler, PA 19002                            :

    and                 :

RETROFITNESS CLUBS, LLC, d/b/a,             :
t/a, and/or a/k/a Retro Fitness             :
43 County Road 537 W                        :
Colts Neck, NJ 00772                        :

    and                 :

RETROFITNESS USA, LLC, d/b/a,               :
t/a, and/or a/k/a Retro Fitness             :
43 County Road 537 W                        :
Colts Neck, NJ 00772                        :

               Defendants :

FILED

2015 JUN 24  PM 2: 34

OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA.

## COMPLAINT

### INTRODUCTORY STATEMENT

1.  Plaintiff, Michelle Kraus, brings these claims for unlawful retaliation, hostile work environment, and unpaid wages against her former employers, Defendants, PA Fit II, LLC, Megan Sweitzer, William Maher and Denise Maher, individually, and RetroFitness Clubs, LLC, pursuant to the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.* (referred to as "the PaHRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, (referred to as "Title VII"), the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, (referred to as "the PMWA"), the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, (referred to as "the FLSA") and the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, *et seq.* (referred to as "the WPCL").

2.  This action has been brought to redress the violations of Plaintiff's rights as secured by the PaHRA, Title VII, the PMWA, the FLSA, and the WPCL, and Plaintiff seeks all of the damages and remedies available to her thereunder.

## THE PARTIES

3.   Plaintiff, Michelle Kraus, (hereinafter "Plaintiff"), is an adult individual who resides at 31 Stephen Court, Upper Darby, PA 19082.

4.   Defendant, PA FIT II, LLC,(hereinafter "PA FIT II"), is, through information and belief, a Pennsylvania limited liability corporation or other business entity that regularly conducts, and is authorized to regularly conduct, business in Pennsylvania, and which maintains a corporate nerve center at 200 West Butler Avenue, Amber, PA 19002.

5.   At all times material and relevant hereto, Defendant, PA FIT II, LLC, acted and/or failed to act by and/or through its duly designated officers, directors, principals, employees and/or agents.

6.   At all times material and relevant hereto, Defendant, PA FIT II, LLC, owned, operated and managed the Retro Fitness gym located at 2600 MacDade Boulevard, Suite 571, Holmes, PA 19043, (referred to as "the Gym").

7.   Defendant, Megan Sweitzer,(referred to as  "Defendant, Sweitzer,"), is an adult individual who, through information and belief, resides at 66 West College Avenue, Yardley, PA 19067.

8.   Defendant, Sweitzer, is the President of Defendant, PA FIT II, the operational owner of the Retro Fitness Gym located, and is a registered owner of the fictitious name "Retro Fitness," with the Pennsylvania Department of State, which fictitious name has a listed principal place of business of 2600 MacDade Boulevard, Suite 571, Holmes, PA 19043.

9.   Upon information and belief, Defendant, William Maher, is an adult individual who resides at 1113 Ashridge Court, Ambler, PA 19002.

10.  Upon information and belief, Defendant, William Maher, is an owner of Defendant, PA FIT II, and is a registered owner of the fictitious name "Retro Fitness," with the Pennsylvania Department of State, which fictitious name has a listed principal place of business of 2600 MacDade Boulevard, Suite 571, Holmes, PA 19043.

11.  Upon information and belief, Defendant, Denise Maher, is an adult individual who resides at 1113 Ashridge Court, Ambler, PA 19002.

12.  Upon information and belief, Defendant, Denise Maher, is an owner of

Defendant, PA FIT II, and is a registered owner of the fictitious name "Retro Fitness," with the Pennsylvania Department of State, which fictitious name has a listed principal place of business of 2600 MacDade Boulevard, Suite 571, Holmes, PA 19043.

13.  Defendant, RetroFitness Clubs, LLC, is, through information and belief, a Connecticut limited liability corporation or other business entity that regularly conducts, and is authorized to regularly conduct, business in Pennsylvania, and which maintains a corporate nerve center at 43 County Road 537, Colts Neck, NJ 07722.

14.  At all times material and relevant hereto, Defendant, RetroFitness Clubs, LLC, acted and/or failed to act by and/or through its duly designated officers, directors, principals, employees and/or agents.

15.  Defendant, RetroFitness USA, LLC, is, through information and belief, a New Jersey limited liability corporation or other business entity that regularly conducts, and is authorized to regularly conduct, business in Pennsylvania, and which maintains a corporate nerve center at 43 County Road 537, Colts Neck, NJ 07722.

16.  At all times material and relevant hereto, Defendant, RetroFitness USA, LLC, acted and/or failed to act by and/or through its duly designated officers, directors, principals, employees and/or agents.

## VENUE

17.  Venue is proper in this Court as to Defendant, PA FIT II, Defendant, RetroFitness Clubs, LLC, and Defendant, RetroFitness USA, LLC, pursuant to Pa.R.C.P. 2179(a)(3) because all of the acts, events or omissions giving rise to Plaintiff's claims occurred at the Gym, which is located in Delaware County, Pennsylvania.

18.  Venue is similarly proper in this Court as to Defendant, Sweitzer, Defendant, William Maher, and Defendant, Denise Maher, pursuant to Pa.R.C.P. 1006(a)(1) because all of the acts, events or omissions giving rise to Plaintiff's claims occurred at the Gym, which is located in Delaware County, Pennsylvania.

## ADMINISTRATIVE EXHAUSTION

19.  On or about August 18, 2014, Plaintiff filed a Complaint against the Defendant, Sweitzer, Defendant, William Maher, Defendant, Denise Maher, PA FIT, LLC, d/b/a, t/a, and/or a/k/a Retro Fitness and Defendant, RetroFitness Clubs, LLC, with the Pennsylvania Human Relations Commission (PaHRC), in which she claimed retaliation and a hostile work environment under the PaHRA and Title VII.

20.  At the time she filed her Complaint, Plaintiff requested that her Complaint also be dual-filed with the Equal Employment Opportunity Commission (EEOC) in accordance with the work-sharing agreement between those two agencies, in order for Plaintiff to assert her identical rights under federal law.

21.  On or about February 27, 2015, the PaHRC dismissed Plaintiff's Complaint on the basis of a finding of no probable cause.

22.  On March 31, 2015, the EEOC adopted the findings of the PaHRC and issued a Right to Sue letter to Plaintiff.

23.  Plaintiff has thus fulfilled all of the administrative prerequisites to commencing the present lawsuit, under both Federal and Pennsylvania law.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

24.  Plaintiff hereby incorporates by reference paragraphs one through 23, as though fully set forth at length herein.

25.  On or about January 1, 2014, Plaintiff was first employed by one or more of the named Defendants at the Gym.

26.  At all times material and relevant hereto, Plaintiff was employed at the Gym by one or more of the named Defendants as a personal trainer.

27.  At all times material and relevant hereto, Plaintiff was paid by one or more of the named Defendants at a rate of $9.00 for each half-hour of personal training sessions performed at the Gym.

28.  At all times material and relevant hereto, Defendant, Sweitzer, was Plaintiff's supervisor at the Gym.

## COUNT I
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
#### (42 U.S.C. §§ 2000e, *et seq.*) (RETALIATION)

29.  Plaintiff hereby incorporates by reference paragraphs one through 28 as though fully set forth at length herein.

30.  At all times material and relevant hereto, Defendant, PA FIT II, LLC, was an "employer" of Plaintiff as that term is defined by Title VII, 42 U.S.C. § 2000e(b).

31.  At all times material and relevant hereto, Defendant, Sweitzer, was an "employer" of Plaintiff as that term is defined by Title VII, 42 U.S.C. § 2000e(b).

32.  At all times material and relevant hereto, Defendant, William Maher, was an "employer" of Plaintiff as that term is defined by Title VII, 42 U.S.C. § 2000e(b).

33.  At all times material and relevant hereto, Defendant, Denise Maher, was an "employer" of Plaintiff as that term is defined by Title VII, 42 U.S.C. § 2000e(b).

34.  At all times material and relevant hereto, Defendant, RetroFitness Clubs, LLC, was an "employer" of Plaintiff as that term is defined by Title VII, 42 U.S.C. § 2000e(b).

35.  At all times material and relevant hereto, Defendant, RetroFitness USA, LLC, was an "employer" of Plaintiff as that term is defined by Title VII, 42 U.S.C. § 2000e(b).

36.  Between January and May of 2014, Plaintiff was subjected to sexually harassing comments and behaviors from her male co-workers, which made her very uncomfortable, disgusted and distressed.

37.  On one instance, Plaintiff was having a conversation with a co-worker and was relaying to that co-worker that personal training client of hers had been acting strange. A male co-worker overheard Plaintiff's conversation and in front of several other co-workers, Nick Rueger, customers, and potential clients who were at the front desk of the Gym, said to her: "that's because they want you to take it in the butt"—a clear reference to anal sex.

38.  Upon hearing the anal sex comment made by the male co-worker,

Nick Reuger laughed out loud.

39.  On another occasion in the Gym, a different male co-worker greeted Plaintiff by saying "what's up, slut?" as Plaintiff approached the trainer's desk.

40.  The "what's up slut," comment was made in the presence of Nick Persia.

41.  On numerous other occasions, Plaintiff was present at the trainer's desk when Nick Rueger, Nick Persia and other male co-workers talked openly about "sleeping with" or "banging" several female customers of the Gym, including two of Plaintiff's personal training clients.

42.  Nick Rueger, Nick Persia and other male co-workers would often make sexually explicit and sexually suggestive comments at the Gym in Plaintiff's presence about the faces and bodies of female customers.

43.  In or around February of 2014, Nicole Gussin, female personal trainer at the Gym and a co-worker of Plaintiff, showed Plaintiff a text message on her phone, which she stated had been sent to her by Darold Williams, an employee of one or more of the named Defendants who at that point in time was also Plaintiff's manager at the Gym.

44.  Plaintiff read Darold Williams' text message to imply that if she had not been in Ms. Gussin's company in the lunchroom, he would have come in and bothered Ms. Gussin.

45.  In or around mid-March of 2014, Nicole Gussin showed Plaintiff another text message she stated had been sent to her by Darold Williams, in which Mr. Williams asked whether Ms. Gussin's daughter needed "a new daddy."

46.  Nicole Gussin also told Plaintiff that she had been receiving sexually inappropriate text messages from Darold Williams for some time.

47.  Plaintiff did not see any other text messages sent between Darold Williams and Nicole Gussin other than the two text messages Ms. Gussin showed her, and a few other text messages from Darold Williams that Ms. Gussin had forwarded to Plaintiff.

48.  In or around mid-March of 2014, after being shown the two text messages from Nicole Gussin and hearing Ms. Gussin state that she had been

receiving other sexually inappropriate text messages from Darold Williams for some time, Plaintiff had formed a reasonable and good-faith belief that Ms. Gussin was being improperly subjected to sexually harassing behavior by Mr. Williams.

49. At that time, Plaintiff then informed Nick Persia of the situation, told him that Ms. Gussin had been receiving inappropriate text messages from Mr. Williams, and that it was something Plaintiff believed that management should know about.

50. It is believed, and therefore averred, that Nick Persia took no immediate action, investigation or inquiry into Plaintiff's oral complaint regarding what she believed to be sexually harassing behavior Darold Williams.

51. On April 30, 2014, Nick Rueger called Plaintiff into a meeting with himself, Nick Persia and Defendant, Sweitzer.

52. At that meeting, Nick Rueger accused Plaintiff of being "negative," "distant," and "moody," towards staff members at the Gym and continued to ask Plaintiff if there was anything wrong.

53. Given the prior sexually harassing and obscene comments and conversations that Nick Rueger and Nick Persia had heard and/or participated in, and given the lack of response that Plaintiff had observed from Nick Persia following her previous report that Nicole Gussin received sexually harassing text messages from Darold Williams, Plaintiff was uncomfortable speaking about the sexually harassing behavior she had experienced in front of, and involving, Nick Rueger and Nick Persia.

54. Plaintiff therefore simply said that she was dealing with personal problems, and left the meeting.

55. Shortly after leaving the meeting, Plaintiff received a phone call from Defendant, Sweitzer, who told Plaintiff that she could come to her with any problems Plaintiff had.

56. After receiving that phone message, Plaintiff decided on April 30, 2014 to write Defendant, Sweitzer, an email detailing the sexually harassing behaviors that she had experienced at the Gym.

57. On April 30, 2014, Plaintiff then told Nicole Gussin of her plan to

write an email to Defendant, Sweitzer, detailing the sexually harassing behaviors Plaintiff had experienced at the Gym, and suggested that Nicole's experiences be included as well, because Plaintiff thought they were both being treated unfairly.

58. Nicole Gussin agreed, told Plaintiff that she thought writing an email was a good idea, and agreed to have her interactions with Darold Williams included as well, so long as her name was kept confidential.

59. On April 30, 2014, Plaintiff wrote an email to Defendant, Sweitzer, complaining of the sexually inappropriate comments and environment that Plaintiff had been subjected to by Nick Rueger, Nick Persia, and other male co-workers up to that point, as well as the fact that a female co-worker of Plaintiff's had received sexually inappropriate text messages from a male co-worker.

60. Specifically, in her April 30, 2014 email to Defendant, Sweitzer, Plaintiff complained about the following:

- One instance where a male co-worker stated to Plaintiff—in the presence of management—that her personal training clients acted weird around her because they wanted Plaintiff to "take it in the butt," a clear reference to anal sex;

- Another instance where a male co-worker—again, in the presence of management—greeted Plaintiff with the phrase "what's up slut?" as she approached the trainer's desk at the Gym;

- Other occasions where Plaintiff was present at the trainer's desk and overheard conversations between male co-workers in which they talked about "sleeping with" or "banging" several female Gym clients (including two of Plaintiff's personal training clients) and made several inappropriate sexual comments about female clients' faces and bodies;

- Instances where male personal trainers were apparently looking at Plaintiff's commission / payroll sheet and comparing pay rates and amounts.

61. In her April 30, 2014 email to Defendant, Sweitzer, Plaintiff stated her belief that those comments and conversations constituted "workplace sexual harassment," described them as "disgusting," and "inappropriate," and noted that they made her "extremely uncomfortable," and "upset," and formed the reason for her perceived "distance" from other co-workers—a distance that Plaintiff also felt she had been reprimanded for by management.

62. When she wrote her email to Defendant, Sweitzer, on April 30, 2014, Plaintiff possessed a reasonable and good-faith belief that Nicole Gussin had received sexually inappropriate text messages from Darold Williams and had been improperly subjected to sexually harassing behavior by Mr. Williams.

63. Plaintiff's April 30, 2014 email to Defendant, Sweitzer, constituted protected activity under Title VII.

64. The next week, on or about May 7, 2014, Defendant, Sweitzer, called Plaintiff into her office and stated that she had a conversation with Nick Persia and Nick Rueger about taking their jobs more seriously, but explained to them that some people are just "sensitive." Defendant, Sweitzer, then asked Plaintiff if she wanted to have a "group therapy" session with Nick Rueger and Nick Persia.

65. Through information and belief, between April 30, 2014 and May 9, 2014, one or more of the named Defendants conducted an investigation into the information concerning Nicole Gussin and Darold Williams that was contained within Plaintiff's email to Defendant, Sweitzer.

66. Plaintiff believes, and therefore avers, that following their investigation, one or more of the named Defendants concluded that Nicole Gussin had sent sexually inappropriate text messages to Darold Williams.

67. On or before May 9, 2014, one or more of the named Defendants decided to terminate Plaintiff's employment, on the alleged basis that she had falsely accused Darold Williams of sexual harassment.

68. On May 9, 2014, Plaintiff was informed by Defendant, Sweitzer, that she was being terminated for having allegedly falsely accused Darold Williams of sexual harassment, during a meeting that was attended by Plaintiff, Defendant, Sweitzer, and an individual named Michael Urday.

69.  Plaintiff believes, and therefore avers, that Michael Urday was an employee, representative, officer and/or agent of Defendant, RetroFitness Clubs, LLC and/or of Defendant, RetroFitness USA, LLC.

70.  At the meeting on May 9, 2014, Plaintiff denied making any false accusations about Darold Williams having sexually harassed Nicole Gussin.

71.  As of the time her employment was terminated, Plaintiff had never discussed, heard about, nor seen, any sexually harassing or inappropriate text messages allegedly sent from Nicole Gussin to Darold Williams.

72.  Through information and belief, none of the above-named Defendants terminated the employment of either Nicole Gussin or Darold Williams for sending or receiving sexually inappropriate text messages.

73.  Plaintiff believes, and therefore avers, that her complaints of sexually harassing activities, behaviors, and conversations to Defendant, Sweitzer, on April 30, 2014—which Plaintiff reasonably believed in good faith that she and Nicole Gussin had been subjected to—was the cause and/or motivation behind her termination of employment on May 9, 2014 by one or more of the named Defendants.

74.  Plaintiff believes, and therefore avers, that at all times material and relevant hereto, she was an excellent personal trainer and employee who was qualified for her position and performed all of the duties and responsibilities of her employment with the named Defendants well and up to their standards and expectations.

75.  As a direct consequence of the above retaliatory actions by the named Defendants, Plaintiff seeks all of her rights and remedies to which she is entitled pursuant to Title VII of the Civil Rights Act of 1964 and any applicable federal regulations, including compensatory and punitive damages, declaratory and injunctive relief, reasonable attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff, Michelle Kraus, respectfully requests for this Honorable Court to enter judgment in her favor and against the above-named Defendants, and award her damages for lost past wages and benefits, lost present wages and benefits, lost future wages and benefits, as well as damages for humiliation, emotional distress, loss of standing and reputation,

punitive damages, declaratory and injunctive relief, attorneys' fees and costs, and all other such relief that this Court deems to be necessary, appropriate or just. Plaintiff demands a jury trial.

## COUNT II
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (42 U.S.C. §§ 2000e, *et seq.*) (DISCRIMINATION—WAGES)

76.  Plaintiff hereby incorporates by reference paragraphs one through 75 as though fully set forth at length herein.

77.  At all times material and relevant hereto, Plaintiff was a member of a protected class under Title VII, namely, a female.

78.  At all times material and relevant hereto, Plaintiff's immediate supervisors at the Gym were Nick Persia and Nick Rueger, who were both male.

79.  Plaintiff believes, and therefore avers, that during the time of her employment, there were approximately 8 or 9 other personal trainers who worked at the Gym, as well.

80.  Of that total, the only female personal trainers employed at the Gym were Plaintiff and Nicole Gussin.

81.  Plaintiff believes, and therefore avers, that the compensation rate and structure of the personal trainers was established by one or more of the named Defendants.

82.  At all times material and relevant hereto, Plaintiff was paid $9.00 for each one-half hour personal training session she provided to a Gym client / member.

83.  Under that compensation scheme, as established by one or more of the named Defendants, a personal trainer's ability to earn money was directly tied to the number of personal training clients that were assigned to that trainer.

84.  As such, the amount of compensation Plaintiff was able to earn as a personal trainer at the Gym was directly tied to the number of personal training sessions she was able to teach each week.

85.  In other words, the more training sessions a personal trainer at the

Gym taught, the more money that trainer would earn.

86. At all times material and relevant to Plaintiff's employment at the Gym, new personal training customers would be assigned to the personal trainers by a manager.

87. At the beginning of Plaintiff's employment, the personal training clients were assigned to the personal trainers by Darold Williams, who was male.

88. Later in Plaintiff's employment, the personal training clients were assigned to the personal trainers by Nick Persia and Nick Rueger.

89. Plaintiff believes, and therefore avers, that during her term of employment at the Gym, Darold Williams, Nick Persia, and Nick Rueger, would intentionally, consistently, and routinely, assign a greater number of new personal training customers to the male personal trainers, to the exclusion of Plaintiff and Nicole Gussin.

90. Plaintiff believes, and therefore avers, that the assignments of new personal training clients by Darold Williams, Nick Persia, and Nick Rueger, was intended to, and/or had the effect of, creating a discriminatory pay differential and environment, where the male personal trainers had the ability to teach more personal training sessions, and thus earn more compensation, than the two female personal trainers.

91. Plaintiff believes, and therefore avers, that this discriminatory method by which new personal training clients were disproportionately assigned to male personal trainers over the female personal trainers, resulted, on average, in Plaintiff and Nicole Gussin having a much lower total number of personal training customers / members than similarly-situated male personal trainers at the Gym.

92. Plaintiff thus believes and therefore avers, that she was denied the ability and opportunity to earn as much compensation as similarly-situated male personal trainers during her employment at the Gym, because she was limited in the number of potential personal training sessions that she could teach.

93. As a direct consequence of the above discriminatory actions by the named Defendants, Plaintiff seeks all of her rights and remedies to which she

is entitled pursuant to Title VII of the Civil Rights Act of 1964 and any applicable federal regulations, including compensatory and punitive damages, declaratory and injunctive relief, reasonable attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff, Michelle Kraus, respectfully requests for this Honorable Court to enter judgment in her favor and against the above-named Defendants, and award her damages for lost past wages and benefits as well as damages for humiliation, emotional distress, loss of standing and reputation, punitive damages, declaratory and injunctive relief, attorneys' fees and costs, and all other such relief that this Court deems to be necessary, appropriate or just. Plaintiff demands a jury trial.

## COUNT III
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
#### (42 U.S.C. §§ 2000e, *et seq.*) (HOSTILE WORK ENVIRONMENT)

94.  Plaintiff hereby incorporates by reference paragraphs one through 93, as though fully set forth at length herein.

95.  Plaintiff believes, and therefore avers, that all of the acts and/or omissions of her male co-workers, Nick Reuger, Nick Persia, Darold Williams, and the named Defendants, which are described above, constituted intentional discrimination against her on the basis of her gender, because she was a female personal trainer in a field that is typically dominated by males, in a working environment (i.e., a gym) that is stereotypically thought of as being "masculine."

96.  Plaintiff believes that this intentional discrimination was severe and pervasive because during the approximate five months in which she was employed by one or more of the named Defendants, she had to endure continual sexist and obscene comments, conversations and innuendos by from her male co-workers and male management, which were openly hostile and/or degrading towards women and referred to women as sexual objects, as well as a continued restraint on being assigned as many personal training clients as her similarly-situated male co-workers, as fully described above.

97.  Plaintiff was detrimentally affected by the severe and hostile

environment against females that was created and perpetuated by her male co-workers and male management, in that having to endure such differential and antagonistic treatment towards her gender not only caused Plaintiff embarrassment and humiliation in the workplace, but ultimately a loss of income.

98. Plaintiff believes, and therefore avers, that a reasonable person in her position, who is subjected to regular harassment in the workplace by her male co-workers and male supervisors with respect to her gender, would experience the same level of embarrassment and humiliation that Plaintiff was forced to suffer.

99. One or more of the named Defendants are vicariously liable for the hostile and discriminatory work environment created and perpetuated by Plaintiff's male co-workers and especially that of Nick Persia, Nick Rueger, and Darold Williams, because all of the discriminatory and harassing acts committed by them against Plaintiff, described above, were committed in the course and scope of their employment with one of more of the named Defendants as Plaintiff's immediate supervisors, who possessed the ability and authority to discipline Plaintiff and terminate her employment.

100. One or more of the named Defendants are also liable to Plaintiff in their own right for failing and/or refusing to timely or appropriately respond to and/or investigate Plaintiff's verbal complaints about sexually harassing and inappropriate sexual conduct in the Gym, and/or for failing and/or refusing to take the necessary steps or actions necessary to stop the sexually inappropriate comments and discrimination exhibited towards Plaintiff and/or to otherwise ameliorate the hostility of Plaintiff's work environment.

101. As a direct consequence of the sexually hostile work environment that was created and perpetrated by one or more of the named Defendants, Plaintiff seeks all of the rights and remedies to which she is entitled pursuant to Title VII of the Civil Rights Act of 1964 and any applicable federal regulations, including compensatory and punitive damages, declaratory and injunctive relief, reasonable attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff, Michelle Kraus, respectfully requests for this Honorable Court to enter judgment in her favor and against the named

Defendants, and award her damages for lost past wages and benefits, lost present wages and benefits, lost future wages and benefits, as well as damages for humiliation, emotional distress, loss of standing and reputation, punitive damages, declaratory and injunctive relief, attorneys' fees and costs, and all other such relief that this Court deems to be necessary, appropriate or just. Plaintiff demands a jury trial.

<u>COUNT IV</u>
PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. §§ 951, *et seq.*)
(RETALIATION)

102.  Plaintiff hereby incorporates by reference paragraphs one through 101, as though fully set forth at length herein.

103.  The analysis applicable to claims of retaliation under Title VII is identical to claims of discrimination under the PaHRA, "as Pennsylvania courts have construed the protection of the two acts interchangeably." *Hightower v. Easton Area Sch. Dist.*, 818 F. Supp.2d 860, at n.26 (E.D. Pa. 2011), quoting *Weston v. Pennsylvania*, 251 F.3d 420 at n.3 (3d. Cir. 2001); *Chmill v. Pittsburgh*, 412 A.2d 860, 871 (Pa. 1980).

104.  At all times material and relevant hereto, Plaintiff was a protected employee as that term is defined by section 4 of the PaHRA, 43 P.S. § 954(c).

105.  At all times material and relevant hereto, Defendant, PA FIT II, LLC, was an "employer" of Plaintiff as that term is defined by section 4 of the PaHRA, 43 P.S. § 954(b).

106.  At all times material and relevant hereto, Defendant, Sweitzer, was an "employer" of Plaintiff as that term is defined by section 4 of the PaHRA, 43 P.S. § 954(b).

107.  At all times material and relevant hereto, Defendant, William Maher, was an "employer" of Plaintiff as that term is defined by section 4 of the PaHRA, 43 P.S. § 954(b).

108.  At all times material and relevant hereto, Defendant, Denise Maher, was an "employer" of Plaintiff as that term is defined by section 4 of the PaHRA, 43 P.S. § 954(b).

109.  At all times material and relevant hereto, Defendant, RetroFitness

Clubs, LLC, was an "employer" of Plaintiff as that term is defined by section 4 of the PaHRA, 43 P.S. § 954(b).

110.   At all times material and relevant hereto, Defendant, RetroFitness USA, LLC, was an "employer" of Plaintiff as that term is defined by section 4 of the PaHRA, 43 P.S. § 954(b).

111.   Defendant, Sweitzer, is individually liable to Plaintiff pursuant to the Pennsylvania Human Relations Act, 43 P.S. 955(e), because at all times material and relevant hereto, she was the owner and manager of the Gym, was Plaintiff's supervisor, and the retaliatory termination of Plaintiff's employment on account of her engaging in protected activity, as described above, was committed and/or perpetuated by her.

112.   Defendant, William Maher, is individually liable to Plaintiff pursuant to the Pennsylvania Human Relations Act, 43 P.S. 955(e), because at all times material and relevant hereto, it is believed and therefore averred that he was an owner and manager of the Gym, possessed the authority to discipline Plaintiff, and the retaliatory termination of Plaintiff's employment on account of her engaging in protected activity, as described above, was committed and/or perpetuated by him.

113.   Defendant, Denise Maher, is individually liable to Plaintiff pursuant to the Pennsylvania Human Relations Act, 43 P.S. 955(e), because at all times material and relevant hereto, it is believed and therefore averred that she was an owner and manager of the Gym, possessed the authority to discipline Plaintiff, and the retaliatory termination of Plaintiff's employment on account of her engaging in protected activity, as described above, was committed and/or perpetuated by her.

114.   On the basis of all those facts and allegations set forth in Count I, above, concerning the unlawful retaliation by one or more of the named Defendants against Plaintiff on the basis of her engaging in protected activity, in violation of Title VII and any applicable federal regulations, all of which are fully incorporated by reference herein, Plaintiff also seeks all of the rights and remedies to which she is entitled under the PaHRA, including compensatory damages, declaratory and injunctive relief, reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiff, Michelle Kraus, respectfully requests that this Honorable Court enter judgment in her favor and against the named Defendants, and award her damages for lost wages and benefits, lost future wages and benefits, humiliation, emotional distress, loss of standing and reputation in the community, declaratory and injunctive relief, attorneys' fees and costs, and all other such relief that this Court deems to be necessary, appropriate or just. Plaintiff demands a jury trial.

## COUNT V
## PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. §§ 951, *et seq.*)
### (DISCRIMINATION—WAGES)

115.  Plaintiff hereby incorporates by reference paragraphs one through 114, as though fully set forth at length herein.

116.  On the basis of all those facts and allegations set forth in Count II, above, concerning the unlawful discrimination by one or more of the named Defendants with respect to Plaintiff's wages and compensation on the basis of her gender in violation of Title VII and any applicable federal regulations, all of which are fully incorporated by reference herein, Plaintiff also seeks all of the rights and remedies to which she is entitled under the PaHRA, including compensatory damages, declaratory and injunctive relief, reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiff, Michelle Kraus, respectfully requests that this Honorable Court enter judgment in her favor and against the named Defendants, and award her damages for lost wages and benefits, lost future wages and benefits, humiliation, emotional distress, loss of standing and reputation in the community, declaratory and injunctive relief, attorneys' fees and costs, and all other such relief that this Court deems to be necessary, appropriate or just. Plaintiff demands a jury trial.

## COUNT VI
## PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. §§ 951, *et seq.*)
### (HOSTILE WORK ENVIRONMENT)

117.  Plaintiff hereby incorporates by reference paragraphs one through 116, as though fully set forth at length herein.

118.  On the basis of all those facts and allegations set forth in Count III, above, concerning the creation and perpetuation by one or more of the named Defendants of a work environment that was openly hostile to Plaintiff's gender in violation of Title VII and any applicable federal regulations, all of which are fully incorporated by reference herein, Plaintiff also seeks all of the rights and remedies to which she is entitled under the PaHRA, including compensatory damages, declaratory and injunctive relief, reasonable attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff, Michelle Kraus, respectfully requests that this Honorable Court enter judgment in her favor and against the named Defendants, and award her damages for lost wages and benefits, lost future wages and benefits, humiliation, emotional distress, loss of standing and reputation in the community, declaratory and injunctive relief, attorneys' fees and costs, and all other such relief that this Court deems to be necessary, appropriate or just. Plaintiff demands a jury trial.

## COUNT VII
## FAIR LABOR STANDARDS ACT
### (42 U.S.C. §§ 2000e, *et seq.*)

119.  Plaintiff hereby incorporates by reference paragraphs one through 118, as though fully set forth at length herein.

120.  At all times material and relevant hereto, Defendant, PA FIT II, LLC, was an "employer" of Plaintiff, engaged in interstate commerce as that term is defined by the FLSA, 29 U.S.C. § 203, and/or an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

121.  At all times material and relevant hereto, Defendant, RetroFitness Clubs, LLC, was an "employer" of Plaintiff, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203, and/or an "enterprise" within the

meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

122.  At all times material and relevant hereto, Defendant, RetroFitness USA, LLC, was an "employer" of Plaintiff, engaged in interstate commerce as that term is defined by the FLSA, 29 U.S.C. § 203, and/or an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

123.  At all times material and relevant hereto, Defendant, Sweitzer, was an "employer" of Plaintiff as that term is defined by the FLSA, 29 U.S.C. § 203(d).

124.  At all times material and relevant hereto, Defendant, William Maher, was an "employer" of Plaintiff as that term is defined by the FLSA, 29 U.S.C. § 203(d).

125.  At all times material and relevant hereto, Defendant, Denise Maher, was an "employer" of Plaintiff as that term is defined by the FLSA, 29 U.S.C. § 203(d).

126.  Plaintiff believes, and therefore avers, that at all times material and relevant hereto, Defendant, Sweitzer, Defendant, William Maher, and/or Defendant, Denise Maher, individually and/or jointly exercised day-to-day control over the operations, tasks, finances, business and affairs of the Gym, including, but not limited to: hiring, firing and otherwise disciplining all employees at the Gym; setting the hours of operation for the Gym; setting the hourly wages and compensation rates for all employees; setting the work schedules for all employees; controlling and/or setting the working conditions for the employees in the Gym; directing the method and/or manner by which the personal trainers provided personal training sessions to Gym clients / members; directing the method and/or manner by which the Gym employees interacted with Gym clients / members; and, otherwise handling the day-to-day financial needs and operations of the restaurant.

127.  At all times material and relevant hereto, one or more of the named Defendants employed "employees," at the Gym, including Plaintiff, as defined by the FLSA, 29 U.S.C. § 203(e).

128.  At all times material and relevant hereto, Plaintiff was an employee of one or more of the named Defendants and was paid on a W-2 basis.

129.  At all times material and relevant hereto, Plaintiff was not an

independent contractor.

130. It is believed, and therefore averred, that one or more of the named Defendants classified Plaintiff as a non-exempt employee under for purposes of the FLSA.

131. At all times material and relevant hereto, one or more of the named Defendants paid Plaintiff $9.00 for every one-half hour personal training session she provided to Gym customer / member during her employment as a personal trainer.

132. It is believed, and therefore averred, that during her employment as a personal trainer at the Gym, Plaintiff's regular hourly rate was $18.00 per hour.

133. During the term of her employment at the Gym, Plaintiff regularly worked in excess of 40 hours each week performing tasks and assignments for the benefit of one or more of the named Defendants.

134. During the term of her employment at the Gym, however, Plaintiff was not paid time-and-a-half overtime compensation for those hours worked in excess of 40 hours per work week.

135. During the term of her employment, Plaintiff was not compensated for all of the straight-time hours in which she was present in the Gym performing work for the benefit of one or more of the named Defendants.

136. At all times material and relevant hereto, one or more of the named Defendants permitted and/or allowed the Plaintiff to work at the Gym in excess of 40 hours per week, but failed to compensate her for all that time.

137. During the term of her employment, Plaintiff would be directed by one or more of the named Defendants to provide complimentary personal training sessions to prospective or new Gym customers / members.

138. If a prospective or new Gym customer / member chose not to purchase any additional personal training sessions from the named Defendants following the completion of Plaintiff's complimentary training session, then the named Defendants would not pay Plaintiff for the time she spent providing that complimentary session.

139. Plaintiff is entitled to overtime compensation from one or more of the named Defendants under the FLSA at a rate of one-and-one-half times her

regularly hourly rate of pay for all hours worked in excess of 40 hours per week from, for the entire length of her employment at the Gym.

140. The named Defendants' failure to pay overtime wages to Plaintiff was not done in good faith, because they knew and/or permitted Plaintiff to work at the Gym in excess of 40 hours per week, but paid her only for the number of half-hour personal training sessions she performed.

141. Plaintiff is entitled to unpaid straight-time compensation from one or more of the named Defendants under the FLSA at her regularly hourly rate of pay for all those hours up to 40 in each work week for which Plaintiff was present in the Gym working and performing tasks for the benefit of the named Defendants, but received no pay.

142. The named Defendants' failure to pay all regular straight-time wages owed to Plaintiff was not done in good faith, because they knew and/or permitted Plaintiff to work at the Gym in excess of 40 hours per week, but paid her only for the number of half-hour personal training sessions she performed.

143. As a result of the named Defendants' failure and/or refusal to pay Plaintiff all of the straight-time and overtime pay that was entitled to during the term of her employment at the Gym, Plaintiff suffered a substantial loss in income for which she is entitled to compensation.

**WHEREFORE**, Plaintiff, Michelle Kraus, respectfully requests that this Honorable Court enter judgment in her favor and against the named Defendants, and award her damages for unpaid wages, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and all other such relief that this Court deems to be necessary, appropriate or just, pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff demands a jury trial.

<u>COUNT VIII</u>
PENNSYLVANIA MINIMUM WAGE ACT
(43 P.S. §§ 333.101, *et seq.*)

144. Plaintiff hereby incorporates by reference paragraphs one through 143, as though fully set forth at length herein.

145. At all times material and relevant hereto, Defendant, PA FIT II,

LLC, was an "employer" of Plaintiff, as that term is defined by the PMWA, 43 P.S. § 333.103(g).

146. At all times material and relevant hereto, Defendant, RetroFitness Clubs, LLC, was an "employer" of Plaintiff, as that term is defined by the PMWA, 43 P.S. § 333.103(g).

147. At all times material and relevant hereto, Defendant, RetroFitness USA, LLC, was an "employer" of Plaintiff, as that term is defined by the PMWA, 43 P.S. § 333.103(g).

148. At all times material and relevant hereto, Defendant, Sweitzer, was an "employer" of Plaintiff, as that term is defined by the PMWA, 43 P.S. § 333.103(g).

149. At all times material and relevant hereto, Defendant, William Maher, was an "employer" of Plaintiff, as that term is defined by the PMWA, 43 P.S. § 333.103(g).

150. At all times material and relevant hereto, Defendant, Denise Maher, was an "employer" of Plaintiff, as that term is defined by the PMWA, 43 P.S. § 333.103(g).

151. At all times material and relevant hereto, including the statute of limitations period covered by these claims, one or more of the named Defendants, "employed" "employes," including Plaintiff, as defined by the PMWA, 43 P.S. § 333.103(f),(h).

152. It is believed, and therefore averred, that one or more of the named Defendants classified Plaintiff as a non-exempt employee under for purposes of the PMWA.

153. Plaintiff is entitled to overtime compensation from one or more of the named Defendants under the PMWA at a rate of one-and-one-half times her regularly hourly rate of pay for all hours worked in excess of 40 hours per week from, for the entire length of her employment at the Gym.

154. Plaintiff is entitled to unpaid straight-time compensation from one or more of the named Defendants under the PMWA at her regularly hourly rate of pay for all those hours up to 40 in each work week for which Plaintiff was present in the Gym working and performing tasks for the benefit of the named Defendants, but received no pay.

155.   The named Defendants' failure to pay all regular straight-time and overtime wages owed to Plaintiff was not done in good faith, because they knew and/or permitted Plaintiff to work at the Gym in excess of 40 hours per week, but paid her only for the number of half-hour personal training sessions she performed.

156.   As a result of the named Defendants' failure and/or refusal to pay Plaintiff all of the straight-time and overtime pay that was entitled to during the term of her employment at the Gym, Plaintiff suffered a substantial loss in income for which she is entitled to compensation.

**WHEREFORE**, Plaintiff, Michelle Kraus, respectfully requests that this Honorable Court enter judgment in her favor and against the named Defendants, and award her damages for unpaid wages, unpaid overtime compensation, reasonable attorneys' fees and costs, and all other such relief that this Court deems to be necessary, appropriate or just, pursuant to Section 13 of the PMWA, 43 P.S. § 333.113. Plaintiff demands a jury trial.

## COUNT IX
## PENNSYLVANIA WAGE PAYMENT & COLLECTION LAW
### (43 P.S. §§ 260.1, *et seq.*)

157.   Plaintiff hereby incorporates by reference paragraphs one through 156, as though fully set forth at length herein.

158.   At all times material and relevant hereto, Defendant, PA FIT II, LLC, was an "employer" of Plaintiff, as defined by the WPCL, 43 P.S. § 260.2a.

159.   At all times material and relevant hereto, Defendant, Sweitzer, was an "employer" of Plaintiff, as defined by the WPCL, 43 P.S. § 260.2a.

160.   At all times material and relevant hereto, Defendant, William Maher, was an "employer" of Plaintiff, as defined by the WPCL, 43 P.S. § 260.2a.

161.   At all times material and relevant hereto, Defendant, Denise Maher, was an "employer" of Plaintiff, as defined by the WPCL, 43 P.S. § 260.2a.

162.   At all times material and relevant hereto, Defendant, RetroFitness Clubs, LLC, was an "employer" of Plaintiff, as defined by the WPCL, 43 P.S.

§ 260.2a.

163.  At all times material and relevant hereto, Defendant, RetroFitness USA, LLC, was an "employer" of Plaintiff, as defined by the WPCL, 43 P.S. § 260.2a.

164.  At all times material and relevant hereto, Plaintiff's regularly hourly wage and overtime hourly wage during the term of her employment at the Gym constituted "wages," as defined by the WPCL, 43 P.S. § 260.2a.

165.  During the term of her employment at the Gym, one or more of the named Defendants provided Plaintiff with paychecks on a regular two-week pay-period cycle.

166.  During the term of her employment at the Gym, one or more of the named Defendants routinely failed and/or refused to pay Plaintiff her regularly hourly rate for all of the hours she was present working at the Gym up to 40 hours per week.

167.  During the term of her employment at the Gym, one or more of the named Defendants routinely failed and/or refused to pay Plaintiff any overtime hours at one-and-one-half times her regular hourly rate for all those hours in excess of 40 hours per work week in which she was present working at the Gym.

168.  At present, Plaintiff is entitled to straight-time and overtime pay from one or more of the named Defendants for regular and overtime hours worked between January 1, 2014 through May 9, 2014, which she never received.

169.  All of the straight-time and overtime pay owed to Plaintiff by one or more of the named Defendants is now more than 60 days overdue.

170.  The named Defendants' failure to pay all regular straight-time and overtime wages owed to Plaintiff was not done in good faith, because they knew and/or permitted Plaintiff to work at the Gym in excess of 40 hours per week, but paid her only for the number of half-hour personal training sessions she performed.

WHEREFORE, Plaintiff, Michelle Kraus, respectfully requests that this Honorable Court enter judgment in her favor and against the named Defendants, and award her damages for unpaid wages, liquidated damages,

reasonable attorneys' fees and costs, and all other such relief that this Court deems to be necessary, appropriate or just, pursuant to Section 9.1 and Section 10 of the PMWA, 43 P.S. § 260.9a and § 260.10. Plaintiff demands a jury trial.

Respectfully Submitted,

ECKELL, SPARKS, LEVY, AUERBACH, MONTE, SLOANE, MATTHEWS & AUSLANDER, P.C.

By: _____

MICHAEL J. DAVEY, ESQUIRE

Attorney for Plaintiff,
Michelle Kraus

DATED: 6/24/15

## VERIFICATION

I, Michelle Kraus, hereby verify that I am the Plaintiff in this matter and that the information contained in the attached pleading is true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

**MICHELLE KRAUS**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

MICHELLE KRAUS,

       Plaintiff,

vs.

PA FIT II, LLC, Individually, d/b/a, t/a
and/or a/k/a RETRO FITNESS

    and

MEGAN SWEITZER, Individually, d/b/a,
t/a and/or a/k/a RETRO FITNESS

    and

 WILLIAM MAHER, Individually, d/b/a, t/a
and/or a/k/a RETRO FITNESS

    and

DENISE MAHER, Individually, d/b/a, t/a
and/or a/k/a RETRO FITNESS

    and

RETRO FITNESS CLUBS, LLC, d/b/a, t/a
and/or a/k/a RETRO FITNESS

    and

RETRO FITNESS USA, LLC, d/b/a, t/a
and/or a/k/a RETRO FITNESS,

       Defendants.

CIVIL ACTION NO:

## CERTIFICATE OF SERVICE

    I, Micah L. Craft, Esquire, certify that on this date, I served a copy of the

foregoing Notice of Removal on the following counsel of record by first class mail, addressed as

follows:

Michael J. Davey, Esq.
ECKELL, SPARKS, LEVY, AUERBACH, MONTE, SLOANE,
MATTHEWS & AUSLANDER, P.C.
Legal Arts Building
344 West Front Street
Media, PA  19063
*Attorneys for Plaintiff, Michelle Kraus*

Justin M. Klein, Esq.
MARKS & KLEIN, LLP
63 Riverside Avenue
Red Bank, NJ 07701
*Attorneys for Defendants Retro Fitness Clubs, LLC and
Retro Fitness USA, LLC*

Dated: July 28, 2015

Micah L. Craft

SLI 1376888v1 109361.00001